```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

JOHN WALLACE                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:13CV436TSL-JMR

LANDRES CHEEKS, IN HIS INDIVIDUAL
CAPACITY; CLEOTHA WILLIAMS, IN HIS
INDIVIDUAL CAPACITY; L.G. SLAUGHTER,
IN HIS INDIVIDUAL CAPACITY                               DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

Defendants Landres Cheeks, Cleotha Williams and L.G. Slaughter, who have been sued in this cause in individual capacities by John Wallace, have moved to dismiss plaintiff's complaint on the basis of <u>Younger</u> abstention. Wallace has responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, together with additional pertinent authorities, concludes that plaintiff's claims for declaratory and injunctive relief should be dismissed, though not for the reason asserted by defendants.[1]

On June 4, the Canton Municipal Utilities Commission (CMUC) voted three-to-two to terminate John Wallace as general manager of the CMUC. Defendants Cheeks, Williams and Slaughter cast the three votes in favor of his termination. Thereafter, on July 1, 2013, the Canton mayor and board of aldermen voted to remove

---

[1] By their motion, defendants seek dismissal only of plaintiff's claims for injunctive and declaratory relief; they do not move for dismissal of his claim for damages.

Cheeks, Williams, Slaughter and Shoney Harris from their positions as CMUC commissioners and appointed new commissioners to fill these positions. The CMUC, with its new members, voted on July 2, 2013 to reinstate Wallace to his position as CMUC general manager.

On July 3, 2013, the ousted commissioners (Cheeks, Williams, Slaughter and Harris) filed suit in the Circuit Court of Madison County, Mississippi, against the mayor and members of the board of aldermen, alleging they were deprived of their positions without due process and seeking an injunction reinstating them to their positions. Cheeks v. Smith, Cause No. CI 2013-0219-JC. Thereafter, on July 9, 2013, the defendants in Cheeks removed the case to this court on the basis of federal question jurisdiction. The same day, Wallace filed the present action in this court, asserting claims under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due process rights and under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* for race discrimination. Cheeks, Williams and Slaughter promptly moved to remand the Cheeks case to state court, and in this case, they filed the present motion to dismiss based on Younger abstention. Their motion to remand was granted, and soon after the case was remanded, the Madison County Circuit Court denied the Cheeks plaintiffs' request for a temporary restraining order and ruled that Wallace will continue in his capacity as general manager.

In the present action, in addition to seeking damages for the alleged violation of his due process rights, Wallace has demanded declaratory relief, specifically, an adjudication finding that defendants violated his due process rights and that he is entitled to be returned to his position, and an injunction both returning him to his position as general manager and prohibiting defendants from interfering with his civil rights after he resumes his position.

Wallace's claim for injunctive relief in the form of reinstatement to his position as general manager of CMUC is moot, as Wallace has already been reinstated to his position as general manager of the CMUC.[2] Were it not moot, it would be dismissed for failure to state a claim upon which relief can be granted since Wallace has sued defendants only in their individual capacities, and the relief he seeks, i.e, reinstatement, is not recoverable against a state official in his individual capacity. See Watt v. Mississippi Dept. of Wildlife, Fisheries & Parks, Civ. Action No. 3:09CV297 DPJ-JCS, 2009 WL 4730988, 3 (S.D. Miss. Dec. 7, 2009) (explaining that declaratory and injunctive relief in the form of reinstatement are not available against a government actor sued in

---

[2] The court may raise that question of mootness *sua sponte* because it implicates the justiciability of the suit going forward. See Bartee v. Reed, 470 Fed. Appx. 405, 2012 WL 1933560, 1 (5th Cir. 2012).

his individual capacity but is available against a government actor only in his official capacity).

Wallace's claim for an injunction prohibiting defendants from interfering with his civil rights when he resumes his position as general manager of CMUC is also moot, for while Wallace has been reinstated to the position of general manager, defendants have been removed from their positions as commissioners of CMUC. As such, they are in no position to violate Wallace's civil rights. Even if defendants were to be returned to their positions, however, Wallace's claim to enjoin future violations of his civil rights still would not be justiciable. His claim against defendants is premised on their having terminated him from his position as general manager without notice and a hearing. There is nothing to suggest that Wallace is threatened with future termination without due process or any other violation of his civil rights. His claim to avert a possible future violation of his civil rights is not ripe. "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Rowan Cos., Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989). Ripeness requires that an alleged injury be "actual or imminent rather than conjectural or hypothetical." Mississippi State Democratic Party v. Barbour, 529 F.3d 538, 545 (5th Cir. 2008). "Ripeness is a

constitutional prerequisite to the exercise of jurisdiction." Shields v. Norton, 289 F.3d 832, 835 (5th Cir. 2002). See also Monk v. Huston, 340 F.3d 279, 282 (5th Cir. 2003) ("A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical.") (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 833 F.2d 583, 586 (5th Cir. 1987)).

    Wallace also seeks a declaratory judgment that defendants violated his due process rights when they terminated him without notice and a hearing.  The court has discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to decline to entertain a plaintiff's declaratory judgment action where it will serve no useful purpose.  See Brillhart v. Access Ins. Co. of America, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942); see also Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) ("If a District Court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose" it may dismiss the action.).  "[T]he availability of other adequate remedies may make declaratory relief inappropriate." Argo v. Brazoria County, Tex., Civ. Action No. G-07-488, 2008 WL 2074075, 3 (S.D. Tex. May 14, 2008) (citing Beacon Const. Co. v. Matco Elec. Co., Inc., 521 F.2d 392, 397 (2nd Cir. 1975)).  In the court's opinion, as Wallace is seeking to recover damages for the alleged violation of his rights by defendants, granting

declaratory relief would serve no useful purpose.  <u>See</u> <u>id</u>. (declining to entertain declaratory judgment claim, reasoning that as the plaintiff sought damages for alleged violations of his constitutional rights, "no useful purpose" would be accomplished by granting redundant declaratory relief).

Based on the foregoing, it is ordered that plaintiff's claims for declaratory and injunctive relief are dismissed.

SO ORDERED this 26th day of August, 2013.

<u>/s/Tom S. Lee</u><br>
UNITED STATES DISTRICT JUDGE